Michele Ballard Miller (SBN 104198)
　mbm@millerlawgroup.com
Claudia J. Castillo (SBN 215603)
　cjc@millerlawgroup.com
MILLER LAW GROUP
A Professional Corporation
111 Sutter Street, Suite 700
San Francisco, CA 94104
Tel. (415) 464-4300
Fax (415) 464-4336

Attorneys for Defendant
KAISER FOUNDATION HOSPITALS

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHEILA PIERCE,<br><br>　　　　Plaintiff,<br><br>v.<br><br>KAISER FOUNDATION HOSPITALS; and Does 1 through 25, inclusive,<br><br>　　　　Defendants. | Case No.: **CV 09 3837 WHA**<br><br>**DEFENDANT KAISER FOUNDATION HOSPITALS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**<br><br>**[Fed. R. Civ. Proc. 12(b)(6)]**<br><br>Date: October 22, 2009<br>Time: 8:00 a.m.<br>Courtroom: 9<br><br>Complaint filed: May 28, 2009 |

**I.**

**INTRODUCTION**

Plaintiff does not dispute that her claims are preempted by Section 301(a) and that she failed to exhaust the contractual remedies provided by the collective bargaining agreement ("CBA"). Plaintiff concedes that the terms of her employment with Defendant Kaiser Foundation Hospitals ("Kaiser") were subject to the CBA. Indeed, Plaintiff *relies* on

1

the language of the CBA to support her contention that Kaiser could not discharge her except for good cause, and that Kaiser breached the CBA by terminating her employment. Apparently mindful of the weakness of her claims, Plaintiff's Opposition offers only an unsupported conclusion that resolution of Plaintiff's state law claims is not dependent upon an analysis of the terms of the CBA. This is incorrect. Notably, Plaintiff's Opposition fails to address substantively Plaintiff's undeniable failure to exhaust her contractual remedies under the CBA, instead characterizing this fatal flaw as "superfluous." On the record here, Defendant's Motion to Dismiss should be granted.

## II.

## ARGUMENT

### A. Plaintiff's Claims Are Preempted By Section 301 Because They Require Interpretation Of The CBA.

Plaintiff's three causes of action against Kaiser are dependent on interpretation of the terms of the CBA. Plaintiff admits that she was a member of the Office and Professional Employee International Union, Local 29 (OPEIU, AFL-CIO) ("Local 29" or the "Union"), the Collective Bargaining Agent for employees at the facility where she was employed. (Complaint ¶ 6). She claims that Kaiser breached the CBA by allegedly discharging her without just cause. (Complaint, ¶¶ 17, 18). Plaintiff further contends that Kaiser's alleged breach also violated the implied covenant of good faith and fair dealing (Complaint, ¶¶ 20, 23) and, in turn, caused Plaintiff to suffer emotional harm (Complaint, ¶¶ 26, 29).

It is clear from the face of the Complaint that her claims cannot be analyzed without interpreting the CBA governing Plaintiff's employment rights. For example, resolution of Plaintiff's breach of contract claim turns on interpretation of the CBA's term "just cause." Plaintiff's two remaining causes of action similarly rest on this interpretation, as they are both founded on and arise out of Defendant's alleged breach of the CBA by

terminating Plaintiff's employment.  As Plaintiff's Opposition concedes:  "[W]hen a resolution of a state law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must be either treated as a Section 301 claim . . . or dismissed as preempted by federal labor-contract law."  *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 210-213 (1985).

Despite acknowledging that Section 301 preempts state law claims that are substantially dependent on analysis of the terms of a CBA, Plaintiff's Opposition incorrectly concludes that Plaintiff's claims are not preempted.  Plaintiff – rather vaguely – points to *Valles v. Ivy Hill Corporation,* 410 F.3d 1071 (9th Cir. 2005), presumably for the proposition that she has not sought to "side step" or "alter" the provisions of the CBA in arguing that her claims are not preempted by Section 301.  But Plaintiff's reliance on *Valles* is misplaced, as the holding of that case is easily distinguished.  In that case, the plaintiff representatives filed a class action complaint, based strictly on state law and not on any terms of the CBA, against Ivy Hill for failure to provide adequate meal periods and rest breaks.  *Id.* at 1074.  Ivy Hill removed the action to Federal Court and filed a motion for summary judgment based on Section 301 preemption.  *Id.*  Holding that the meal period claim was not preempted by Section 301, the Ninth Circuit noted that "[a] claim brought in state court on the basis of a state-law right that is 'independent of rights under the collective-bargaining agreement,' will not be preempted, even if 'a grievance arising from 'precisely the same set of facts' could be pursued . . . [t]hus, in order for complete preemption to apply, 'the need to interpret the CBA must inhere in the nature of the plaintiff's claim" *Id.* at 1076.  Because California's meal period laws apply to employees covered by a CBA, and because "§ 301 cannot be read broadly to pre-empt nonnegotiable rights conferred on individual employees as a matter of state law," the Court held that Section 301 preemption did not apply. *Id.* (*quoting Livadas v. Bradshaw*, 512 U.S. 107, 123 (1994)).

/ / /

/ / /

Unlike the plaintiff's claims in *Valles*, here Plaintiff's claims do not rely on nonnegotiable state-law rights, or on any state law independent of the terms of the CBA. Rather, Plaintiff's claims are squarely founded on, and inherently require an interpretation of, the CBA, and are therefore preempted by Section 301.

**B.     Plaintiff Failed To Exhaust Her Contractual Remedies Under The CBA And Does Not Allege That Local 29 Breached Its Duty Of Fair Representation.**

Before filing suit, Plaintiff was required to first exhaust the grievance and arbitration provisions set forth in the CBA governing her employment. *Del Costello v. Int'l Brotherhood of Teamsters,* 462 U.S. 151, 163-164 (1983) (emphasis added). Apparently recognizing this exhaustion prerequisite, Plaintiff attempts to sidestep this requirement by deflecting fault for her failure to exhaust from herself to the Union. Specifically, Plaintiff claims that although she *attempted* to exhaust the *Union* failed to process her grievance or demand arbitration. Plaintiff's Opposition, 7:18-19. This flimsy "attempt" allegation, without more, is insufficient to support Plaintiff's claims.

The law provides that an employee may not avoid the exhaustion requirement unless that employee both alleges and proves that the union breached its duty of fair representation. *Vaca v. Sipes,* 386 U.S. 171, 186 (1967) (emphasis added). *See also Soremekum v. Thrifty Payless, Inc.,* 509 F.3d 978, 988 (9th Cir. 2007) ("'If an employee does not agree with the results reached through the procedures of the CBA, the employee, in order to bring an individual suit directly against the employer for breach of the CBA, must *allege and prove* the union breached its duty of fair representation' (emphasis added)) . . . 'The employee must *allege and prove* both that the employer has breached the collective bargaining agreement and that the union has breached its duty of fair representation" (emphasis added)).' [citations omitted]."

/ / /

Here, to show the Union's alleged breach of its duty to her, Plaintiff must allege specific facts to demonstrate that Local 29's conduct toward her "was arbitrary, discriminatory, or in bad faith." *See Vaca, supra*, 386 U.S. at 190. "[A] 'union's actions are arbitrary only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a 'wide range of reasonableness,' as to be irrational.' . . . For a plaintiff to prove that a union's actions were discriminatory or in bad faith, '[t]here must be 'substantial evidence of fraud, deceitful action or dishonest conduct.'(internal quotations omitted)." [Emphasis added]. *Knowles v. Pacific Gas & Electric Company*, 2008 U.S. Dist. LEXIS 5788 at *17 (*citing Amalgamated Ass'n of St., Elec. Ry. and Motor Coach Emp. of America v. Lockridge*, 403 U.S. 274, 299).  In *Knowles*, the district court rejected as legally insufficient plaintiffs' allegations that their union breached its duty of fair representation "by failing to investigate Plaintiffs' complaint, failing to provide administrative remedies, failing to communicate with Defendant PG&E regarding Plaintiffs' grievances, and failing to enforce the collective bargaining agreement . . ." *Id.* at *18.  The district court pointed out that "Plaintiffs do not provide any facts that explain how [the union's] failure to act constituted fraud, deceitful action or dishonest conduct" and dismissed outright plaintiffs' claims for breach of the duty of fair representation as plaintiffs had failed to state their claim. *Id.*

Here, Plaintiff's factual allegations offered to support her claim that Local 29 breached the duty of fair representation are a weak shadow of those facts alleged – and rejected -- in *Knowles.*  Indeed, Plaintiff solely alleges that the "union has wrongfully failed and refused to properly grieve and demand arbitration of her termination." (Complaint ¶ 19). Nowhere does Plaintiff allege facts to show that the Union's conduct was "arbitrary, discriminatory, or in bad faith."  On the face of her Complaint, Plaintiff cannot "sidestep" the exhaustion requirement and Defendant's motion to dismiss should be granted.

/ / /

/ / /

# III.

# CONCLUSION

Resolution of Plaintiff's claims rests on substantial interpretation of the CBA and her claims are, therefore, preempted by Section 301. Additionally, Plaintiff failed to exhaust the CBA's contractual remedies, and she failed to allege sufficient facts (indeed, any facts) to show that Local 29 breached its duty of fair representation. Plaintiff's claims are meritless and should be dismissed with prejudice.

Dated: October 8, 2009

MILLER LAW GROUP
A Professional Corporation

By: _____/s/_____
Michele Ballard Miller
Attorneys for Defendant
KAISER FOUNDATION HOSPITALS