IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SHEILA PIERCE,

    Plaintiff,

v.

KAISER FOUNDATION HOSPITALS,
AND DOES 1 THROUGH 25,

    Defendants.
                                       /

No. C 09-03837 WHA

**ORDER GRANTING
DEFENDANT'S MOTION
TO DISMISS AND
VACATING HEARING**

## INTRODUCTION

Under Rule 12(b)(6), defendant Kaiser Foundation Hospitals brings this motion to dismiss plaintiff Sheila Pierce's state law claims based on wrongful discipline and termination. Defendant's motion to dismiss is **GRANTED** because plaintiff's state law claims are preempted by Section 301 of the Labor Management Relations Act (29 U.S.C. 185(a)), and plaintiff has not pleaded sufficient facts excusing her failure to exhaust remedies provided in the collective bargaining agreement. The hearing set for October 22, 2009, is **VACATED**.

## STATEMENT

The following well-pled facts alleged in plaintiff's complaint are assumed true for purposes of this motion. In December 2004, plaintiff allegedly began her employment as an admitting clerk for defendant Kaiser Foundation Hospitals in its Oakland facility. At all times during her employment, plaintiff was a member of the Offices Workers and Professional

Employees International Union, Local 29, the collective bargaining agent for employees at that facility. At all times relevant hereto, there was a collective bargaining agreement between defendant and Local 29 (*see* Heiman Decl. Exh. A).

Plaintiff alleges that she was terminated from her position after being falsely accused of theft or embezzlement of funds in December 2006. Plaintiff was shortly reinstated. Around January 29, 2008, however, plaintiff was once again allegedly accused of theft or embezzlement. Shortly thereafter, she was terminated. Plaintiff alleges that she and defendant had an "express and implied-in-fact" contract providing, inter alia, plaintiff with indefinite employment as long as she carried out her duties in a competent and proper manner and that defendant's action violate this agreement. Plaintiff also alleges that she was subjected to ongoing unlawful, unfair employment practices including harassment, humiliation, and ridicule.

The present action, filed in the Superior Court of California, Alameda County, asserts three claims: (1) breach of contract, (2) breach of implied covenant of good faith and fair dealing, and (3) intentional infliction of emotional distress. Defendant removed the action on the ground that plaintiff's state law claims are completely preempted by Section 301 of the Labor Management Relations Act. Defendant then filed this motion to dismiss plaintiff's claims on Section 301 preemption grounds. The motion is **GRANTED**.

**ANALYSIS**

**1. LEGAL STANDARD.**

A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. Rule 8(a) requires that a pleading contain a short and plain statement of the claim showing that the pleader is entitled to relief. Addressing the requirements of Rule 8, the Supreme Court stated:

> [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

2

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). In order to survive a motion to dismiss, a complaint, on its face, needs to be plausible, meaning that "the plaintiff [must] plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ibid.* For the purposes of a motion to dismiss, the court must accept all well-pled factual allegations as true, however, the court is not bound to accept legal conclusions as true.

### 2. SECTION 301 PREEMPTION.

Defendants move to dismiss plaintiff's claims on the grounds they are preempted by Section 301 of the LMRA. This section provides federal jurisdiction over "[s]uits for violation of contracts between and employer and a labor organization." 29 U.S.C. 185(a). State law claims that require interpretation of a collective bargaining agreement, or that are substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, are preempted by Section 301. *Lingle v. Norge Div. of Magic Chef*, 486 U.S. 399, 410 (1988). A court should evaluate whether the state law claim is *inextricably intertwined* with consideration of the terms of the labor contract. *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213 (1985). Plaintiff argues that the state claims are independent of the collective bargaining agreement because no interpretation of the agreement is necessary.

Plaintiff's complaint and memorandum are ambiguous with regard to the "contract" invoked. Both seem to indicate that plaintiff had a private contract (separate from the CBA) with defendants, an "express and implied-in-fact contract." If no such private contract existed, then plaintiff's claims would be preempted since the only terms to interpret would be those of the collective bargaining agreement. Even if such a contract did exist, however, such a contract would not affect the outcome of this order because plaintiff's claims would be inextricably intertwined with the collective bargaining agreement. Article XXVII of the collective bargaining agreement governs the discipline and discharge of an employee. That provision specifically states that "[d]iscipline and/or discharge shall be administered only for *just cause*" (Heiman Decl. Exh. A). In addition, Section 193 of Article XXVIII also states that "[t]he Union recognizes that the Employer has the right to make and to establish fair rules of conduct for employees in

3

or on Employer's property, and to fix and determine reasonable penalties for violation of such rules . . ." (*ibid*). Regardless of whether any such private contract ever existed, the resolution of plaintiff's claims is dependent on the collective bargaining agreement because defendant's actions must be analyzed pursuant to the interpretation of these relevant provisions.

The first and second claim implicate the collective bargaining agreement because they are based on a breach of contract and the implied covenant of good faith and fair dealing. The collective bargaining agreement authorized defendants to discipline and discharge plaintiff with *just cause* and thus governs whether plaintiff truly has any cause of action based on defendant's actions. *See, e.g.*, *Eitmann v. New Orleans Public Service, Inc.*, 730 F.2d 359, 362–364 (5th Cir. 1984) (holding that where an individual contract sought to limit the terms or conditions of employment or discharge, matters also governed by the collective bargaining agreement, a dispute over the individual contract implicates the terms of the collective bargaining agreement). The collective bargaining agreement must be interpreted to determine what was intended to qualify as *just cause* and whether defendants acted with *just cause*.[1]

Likewise, plaintiff's third claim concerning emotional distress implicates the collective bargaining agreement since the validity of defendant's actions would depend on whether the discipline or discharge was justified under the terms of the collective bargaining agreement. *See, e.g.*, *Newberry v. Pacific Racing Association*, 854 F.2d 1142, 1149–50 (9th Cir. 1988) (holding that a determination of the validity of her emotional distress claim will require us to decide whether her discharge was justified under the terms of the collective bargaining agreement). Any attempt to bypass the governing provisions of the collective bargaining agreement would be an unlawful attempt to alter defendant's obligations concerning discipline and discharge pursuant to the collective bargaining agreement. *See, e.g.*, *Valles v. Ivy Hill Corporation*, 410 F.3d 1071, 1075 (9th Cir. 2005) (explaining that one ground for Federal preemption is to prevent litigants from using state law litigation to side-step or alter the negotiated

---

[1] Plaintiff's second claim concerning a breach of the implied covenant of good-faith and fair dealing is also preempted on other grounds. The Ninth Circuit has consistently held that such a claim is preempted because a collective bargaining agreement provides comparable job security to union members. *Busey v. P.W. Supermarkets, Inc.*, 368 F. Supp. 2d 1045, 1054 (9th Cir. 2005).

4

provisions of a collective bargaining agreement); *J. I. Case v. NLRB*, 321 U.S. 332, 337–39 (1944) (holding that while individual contracts between employer and employee are not precluded by the existence of a collective bargaining agreement, the agreement would prevail over any inconsistencies between the two).[2]

In sum, plaintiff's state law claims are preempted because the collective bargaining agreement is *inextricably intertwined* with the state law claims since the relevant portions governing discipline and discharge of an employee must be interpreted to determine if defendant's actions were warranted. "Once preempted, any claim purportedly based on [a] . . . state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9thz Cir. 2007) (internal citations omitted). Thus, while plaintiff's claims may be recharacterized as Section 301 claims, they are still dismissed on the grounds below.[3]

### 3. NON-EXHAUSTION OF GRIEVANCE PROCEDURES.

Ordinarily, in a Section 301 action alleging a breach of a collective bargaining agreement, an employee is required to attempt to exhaust any grievance or arbitration remedies provided in the collective bargaining agreement. *Del Costello v. Int'l Brotherhood of Teamsters*, 462 U.S. 151, 163 (1983). Defendants assert that plaintiff's claims should be dismissed because plaintiff has failed to exhaust the administrative remedies set forth in the collective bargaining agreement and that plaintiff has also failed to plead sufficient facts excusing her from doing so.

---

[2] None of plaintiff's citations supports her contention that the state law claims are independent of the collective bargaining agreement. It is true that in certain situations involving an employment dispute, preemption may not be necessary. Pursuant to the cited authority and above analysis, however, this action is not one of them. Plaintiff's contention that there is no preemption because the state law claims are not being brought to enforce the collective bargaining agreement is not supported by any authority. As plaintiff correctly pointed out prior to making that contention, the proper question is whether resolution of the state law claims is dependent upon analysis of the collective bargaining agreement. Plaintiff is not attempting to enforce any state law right that exists independently of a private agreement. *See Allis-Chalmers*, 471 U.S. at 213 (holding that state law rights and obligations that do not exist independently of private agreements and that as a result can be waived or altered by agreement of private parties, are pre-empted by those agreements).

[3] Defendant has filed an objection to the declaration that plaintiff submitted in opposition to the motion to dismiss on the grounds that a district court may not consider any material beyond the pleadings in a motion to dismiss. This objection need not be addressed, however, because the declaration was not used in deciding the merits of plaintiff's argument. Concerning any objection to the use of the collective bargaining agreement attached to the declaration as Exhibit A, since the agreement is "integral to or explicitly relied upon in the complaint," it may be considered. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (1997).

5

Plaintiff argues that the remedies set forth in the collective bargaining agreement were not applicable due to the state law claims not requiring any analysis of the agreement. As explained above, however, Section 301 preempts plaintiff's state law claims and pursuant to *Del Costello*, exhaustion of collective bargaining agreement remedies is required.[4]

Plaintiff argues that the exhaustion requirement should not be enforced because the union failed and refused to properly grieve and demand arbitration of her termination. It is true that "[a] wrongfully discharged employee may bring an action against his employer in the face of a defense based upon the failure to exhaust contractual remedies, provided the employee can prove that the union as bargaining agent breached its duty of fair representation in its handling of the employee's grievance." *Vaca v. Sipes*, 386 U.S. 171, 186 (1967). Plaintiff, however, must allege and prove that the union breached its duty of fair representation. *Soremekum v. Thrifty Payless, Inc.*, 509 F.3d 978, 988 (9th Cir. 2007) (internal citations omitted). "A breach of the statutory duty of fair representation occurs only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." *Vaca*, 386 U.S. at 190.

Defendant argues that this action should be dismissed because plaintiff's complaint fails to allege any facts to support the notion that the union behaved in such a manner. Plaintiff's complaint states nothing more than insufficient "naked assertions." *See generally Ashcroft,* 129 S. Ct. at 1949. Plaintiff does not plead any factual content that would allow a court to draw the reasonable inference that the union behaved in an arbitrary, discriminatory, or bad-faith manner. With no further details, the complaint merely alleges that the union failed to act despite a request to do so from plaintiff (Compl. ¶ 19). Such a pleading is insufficient. *See, e.g., Knowles v. Pacific Gas & Electric Co.*, 2008 U.S. Dist. LEXIS 57889 at *17 (N.D. Cal. July 8, 2008) (a pre-*Iqbal* decision holding that the plaintiffs' conclusory contention that the union failed to act on their request was a legally sufficient pleading). Defendant's motion to dismiss is **GRANTED**.

---

[4] There are exceptions to this general rule that collective bargaining agreement remedies must be exhausted, however, plaintiff has not argued for any of the cited exceptions and this order does not find them relevant in this action.

**CONCLUSION**

Plaintiff's state law claims are preempted by Section 301 because analysis of the state law claims is inextricably intertwined with consideration of the terms of the collective bargaining agreement. While plaintiff's claims may be recharacterized as Section 301 claims, defendant's motion to dismiss is **GRANTED** because plaintiff's complaint states nothing more than naked assertions in support of her contention that she did not need to exhaust the collective bargaining agreement remedies. Within **FOURTEEN CALENDAR DAYS**, plaintiff may file a motion on a normal 35-day track seeking to cure the foregoing deficiencies and appending to the motion a proposed amended complaint. The proposed amended complaint should clearly define plaintiff's Section 301 claims and amplify plaintiff's allegations with factual support showing that the union acted an arbitrary, discriminatory, or bad-faith manner. The hearing set for October 22, 2009, is **VACATED**.

**IT IS SO ORDERED.**

Dated: October 19, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE