IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SHEILA PIERCE,

    Plaintiff,

v.

KAISER FOUNDATION HOSPITALS, AND DOES 1 THROUGH 25,

    Defendants.

No. C 09-03837 WHA

**ORDER GRANTING MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND VACATING HEARING**

**INTRODUCTION**

Following an order of dismissal, plaintiff Sheila Pierce filed this motion for leave to amend her complaint to state a claim. The dismissal order gave leave to seek to amend and stated that the proposed amended complaint should clearly define plaintiff's Section 301 claims and amplify plaintiff's allegations with factual support showing that the union acted in an arbitrary, discriminatory, or bad-faith manner. This order finds that amendment would not be futile because plaintiff's proposed amended complaint meets these requirements and states a claim. Plaintiff's motion is **GRANTED**.

**STATEMENT**

The following well-pled facts alleged in plaintiff's proposed amended complaint are assumed true for purposes of this motion. In December 2004, plaintiff began her employment as an admitting clerk for defendant Kaiser Foundation Hospitals in its Oakland facility. At all times

during her employment, plaintiff was a member of the Office Workers and Professional Employees International Union, Local 29, the collective bargaining agent for employees at that facility. At all times relevant hereto, there was a collective bargaining agreement between defendant Kaiser and Local 29. Her supervisors threatened, without cause or provocation, to remove her from her position in early 2006. Her supervisors criticized the shoes she wore to work. In November 2006, a supervisor screamed at her for no reason, "you make me sick." She was terminated from her position after being falsely accused of theft or embezzlement of funds in December 2006 — she was reinstated shortly thereafter. In 2007 her supervisors falsely accused her of placing a bag of medical supplies in the middle of the floor, thereby endangering her coworkers, and induced a coworker to falsely accuse plaintiff of threatening physical harm. Also in 2007, plaintiff was placed on administrative leave as a result of having been wrongfully accused of threatening to kill someone. Around January 29, 2008, plaintiff was once again accused of theft or embezzlement. She was subsequently terminated on May 29, 2008. Plaintiff reported her termination to Local 29. Although Local 29 initiated her grievance with defendant Kaiser, it ignored the overwhelming evidence she presented regarding defendant Kaiser's misconduct. Approximately a year after she filed her grievance, defendant Kaiser and Local 29 decided not to arbitrate it. Again, these are all allegations at this point.

The original complaint, filed in the Superior Court of California, Alameda County, asserted three claims: (1) breach of contract, (2) breach of implied covenant of good faith and fair dealing, and (3) intentional infliction of emotional distress. Defendant Kaiser removed the action on the ground that plaintiff's state law claims were completely preempted by Section 301 of the Labor Management Relations Act. Defendant Kaiser then filed a motion to dismiss plaintiff's claims on Section 301 preemption grounds. The motion to dismiss was granted in an order that directed plaintiff to seek leave to amend within fourteen calendar days (Dkt. No. 15 at 7). Plaintiff timely filed this motion for leave to amend.

Plaintiff's proposed amended complaint seeks to add Local 29 as a defendant. The amended complaint asserts that defendants' failure to arbitrate her grievance constituted a violation of 29 U.S.C. 157 and 158. Plaintiff alleges that Local 29's actions denied her fair

representation as guaranteed by 29 U.S.C. 158(b), and that defendant Kaiser's actions violated her rights as an employee under 29 U.S.C. 158(a).

**ANALYSIS**

**1.  LEGAL STANDARD.**

Leave to amend a complaint should be freely given when justice so requires under FRCP 15(a). This standard is applied liberally. "In the absence of any apparent or declared reason — such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, etc. — the leave sought should, as the rules require, be freely given." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The principal limiting factor to the liberal amendment standard is that "[l]eave to amend need not be granted when an amendment would be futile." *In re Vantive Corp. Sec. Litig.*, 283 F.3d 1079, 1097 (9th Cir. 2002).

At this stage of the litigation, prior to any discovery, an amendment is not futile so long as the proposed amended complaint states a claim that would survive a motion to dismiss. A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Material factual allegations of the complaint are taken as true and construed in the light most favorable to the nonmoving party, but courts are not bound to accept as true "a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949–50 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 1950. In order to defeat a Rule 12(b)(6) motion to dismiss, a claim must be factually supported and plausible on its face — conclusory legal allegations and speculative inferences do not suffice.

**2.  SECTION 301 CLAIMS.**

A wrongfully discharged employee may bring an action against her employer under Section 301 "provided the employee can prove that the union as bargaining agent breached its duty of fair representation in its handling of the employee's grievance." *Vaca v. Sipes*, 386 U.S. 171, 186 (1967). Defendant Kaiser's opposition offers only one argument. The opposition

asserts that plaintiff fails to assert sufficient factual support for her allegation that Local 29 breached its duty of fair representation and therefore plaintiff's claims against both Local 29 and Kaiser fail (Opp. 2, 6). This order disagrees.

"A breach of the statutory duty of fair representation occurs only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." *Vaca*, 386 U.S. at 190. A union's actions are *arbitrary* if "the union's behavior is so far outside a wide range of reasonableness as to be irrational." *Air Line Pilots Ass'n, Int'l v. O'Neill*, 499 U.S. 65, 67 (1991) (quotations and citations omitted). To establish a union's action was *discriminatory*, there must be "substantial evidence of discrimination that is intentional, severe, and unrelated to legitimate union objectives." To establish a union acted in *bad faith*, a "plaintiff must show substantial evidence of fraud, deceitful action or dishonest conduct." *Beck v. United Food & Commercial Workers Union, Local 99*, 506 F.3d 874, 880 (9th Cir. 2007) (quotations omitted).

The facts alleged in the proposed amended complaint could plausibly support a finding that Local 29's actions were arbitrary. In her complaint, plaintiff details a list of ways in which she was allegedly harassed, threatened, and otherwise mistreated while working for defendant Kaiser (First Amd. Compl. ¶¶ 16–26). Plaintiff alleges that after being terminated, she "duly reported" all of these instances to Local 29 in the process of filing a grievance for her termination (*id.* ¶ 28). She further asserts that Local 29 "ignored the overwhelming evidence presented to it" regarding plaintiff's mistreatment (*id.* ¶ 29). Next, plaintiff alleges that Local 29 informed her "on several occasions that Kaiser had presented no evidence to justify her termination" (*id.* at 30). Considering these facts, a jury could plausibly find that Local 29's decision not to arbitrate plaintiff's grievance was arbitrary because it was "so far outside the range of reasonableness as to be irrational." It may be *unlikely* that these facts alone would lead a jury to determine that Local 29 acted arbitrarily, but that is not the test. The facts alleged need only be sufficient to support such a finding, making the claim plausible on its face — and here, they do.

In arguing that plaintiff's complaint omits sufficient factual support, defendant Kaiser relies almost entirely on dicta from an unpublished district court decision where the court, in the

4

process of dismissing the plaintiffs' Section 301 claims, discussed the plaintiffs' failure to state a claim that their union breached its duty of fair representation. *Knowles v. Pacific Gas & Electric Co.*, 2008 U.S. Dist. LEXIS 57889 (N.D. Cal. July 8, 2008) (Wilken, J.). *Knowles* is distinguishable. *First*, Judge Wilken discussed the breach of fair representation issue only after having already decided that the claims at issue were time-barred. *Second*, the factual allegations there were different from those asserted here. *Knowles* included no discussion of specific allegations that the plaintiffs were mistreated, nor of conversations between the plaintiffs and their union representatives; both of which are included in plaintiff's proposed amended complaint here.

Defendant Kaiser also addresses two individual allegations, seeking to demonstrate that neither of these allegations alone is sufficient to state a claim. Defendant Kaiser cites multiple decisions in support of these arguments. Because this order finds that plaintiff's factual allegations as a whole are sufficient to state a plausible claim, defendant Kaiser's arguments regarding these two specific allegations are immaterial.

*     *     *

Plaintiff's proposed amended complaint effectively cures the deficiencies noted in the October 19 dismissal order — the amended complaint alleges facts sufficient to survive a motion to dismiss — and allowing plaintiff to amend would not be futile. Denying plaintiff's motion here would run contrary to FRCP 15(a)'s requirement that amendments be freely allowed. As the parties proceed with discovery, it is possible that facts will emerge that would allow defendants to win on summary judgment. But no such facts are yet in the record, and denying plaintiff leave to amend at this early stage would be inappropriate.

**CONCLUSION**

Plaintiff's proposed amended complaint states a Section 301 claim upon which relief can be granted. For the foregoing reasons, plaintiff's motion for leave to file a first amended

5

complaint is **GRANTED**. Defendants must answer (no more dismissal motions) by **DECEMBER 24, 2009.** The hearing scheduled for December 10, 2009, is **VACATED**.

**IT IS SO ORDERED.**

Dated: December 3, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE